UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE WALTER H.R.,[1]

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY et al.,

Respondents.

No. 1:26-cv-08779-TLN-SCR

A# 248-004-458

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Jose Walter H.R.'s Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an Answer. (ECF No. 9.) For the reasons set forth below, the Court GRANTS the petition. (ECF No. 1.) Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States on April 25, 2023, on an H2B visa. (ECF No. 9 at 7.) The government alleges that he stayed beyond the period authorized by the visa. (*Id.*) Petitioner has no criminal history. (*Id.*)

On August 22, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers during a vehicle stop. (*Id.*) ICE served Petitioner with a Notice to Appear. (*Id.* at 10–13.) The Notice to Appear alleges Petitioner stayed beyond the date authorized by his H2B visa without authorization. (*Id.* at 10.) Petitioner was subsequently transferred to Golden State Annex Detention Facility, where he remains detained. (ECF No. 1 at 2.)

Petitioner submitted and subsequently withdrew two requests for bond hearings in immigration court. (ECF No. 9 at 15–18.) On October 16, 2026, Petitioner received a bond hearing, at which the immigration judge ("IJ") found Petitioner "is a flight risk" and denied bond. (*Id.* at 19.)

On October 26, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, challenging the lawfulness of his detention. (ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

## III. Analysis

Petitioner argues that his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 6–17.) Respondents contend that Petitioner's claims are barred by prudential exhaustion and that he is lawfully detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 9 at 1–3.)

### A. Prudential Exhaustion

Respondents argue Petitioner should be required to exhaust administrative remedies before pursuing habeas relief. (ECF No. 9 at 1–3.)

Courts may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983).

First, an administrative appellate record is not necessary to reach a proper decision on Petitioner's claim that his detention does not comport with due process because the Court is in possession of all evidence necessary to resolve this claim, including a Digital Audio Recording ("DAR") of the bond proceedings. (ECF No. 12.) Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege a "colorable" constitutional or legal challenge to the government's procedures. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001)). Third, there is no reason to delay for the possibility that the Board of Immigration Appeals ("BIA") may correct any mistakes in the IJ's decision. *See, e.g.*, *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026) ("Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error."). Additionally, because Petitioner is currently detained by the government, irreparable injury would result from requiring exhaustion. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Thus, the Court declines to require prudential exhaustion in this case.

B. Fifth Amendment Due Process Challenge to Bond Proceedings

Petitioner claims that his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 6–17.) Respondents make no specific argument regarding whether the process Petitioner received in immigration court satisfied the demands of the Fifth Amendment and instead argue generally that "Petitioner's detention is governed by [8 U.S.C.] § 1226(a)." (ECF No. 9 at 1.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez*, 872 F.3d at 990. The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

As to the first step, the Court finds Petitioner has a clear liberty interest protected by the Fifth Amendment. Petitioner was allowed to enter the United States and remain in the community for over three years. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) ("A]lthough the government did not detain and then release [petitioner], it made a decision *not* to detain [petitioner] in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."); *Kalkan v. Chestnut*, No. 1:26-CV-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026), *appeal dismissed,* No. 26-3277, 2026 WL 2446315 (9th Cir. June 18,

2026) (same).

*ii. Process Provided*

As to the second step — the process owed to Petitioner — Respondents argue Petitioner is detained pursuant to 8 U.S.C. § 1226(a) ("§ 1226(a)"). (ECF No. 9 at 1.) Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Because Respondents agree Petitioner is detained pursuant to § 1226(a), the Court finds he is entitled to these protections and proceeds to determine whether Petitioner received a constitutionally compliant bond hearing.

At a § 1226(a) bond hearing, an IJ must determine whether a noncitizen is a danger to the community or a flight risk. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024); *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (setting forth the nine factors for examination). Otherwise, "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by . . . bond or alternative conditions." *Hernandez*, 872 F.3d at 994.

As constitutional challenges to IJ detention determinations present mixed questions of fact and law, the appropriate standard of review is "abuse of discretion." *Martinez*, 124 F.4th at 784–85. However, "due process claims and questions of law raised in immigration proceedings" are reviewed de novo. *See Singh v. Holder*, 638 F.3d 1196, 1202–03 (9th Cir. 2011). Under an abuse of discretion standard, the Court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Martinez*, 124 F.4th at 783–84. (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D.

Cal. May 19, 2020)).

Here, the IJ held a bond hearing the substantive portion of which lasted under three minutes. (ECF No. 12.) Petitioner's attorney argued briefly on his behalf, emphasizing that Petitioner had entered the country legally with a visa, filed for asylum, had paid taxes since his entry, had strong community ties, including a fiancé and church community, had no criminal record, and was willing to follow the immigration court's instructions. (*Id.*) The IJ then ruled as follows: "There's no indication that [Petitioner] has any criminal history and I am finding he's not a danger. But I do have significant concerns regarding flight, and I am determining that [Petitioner] has not met his burden on flight. I am denying bond on that basis." (*Id.*) When Petitioner's attorney asked the IJ to explain what those "concerns" were, the IJ responded that she would issue a written order. (*Id.*) That order states as follows:

> [Petitioner] is a flight risk.
>
> Should [Petitioner] appeal the Court's custody redetermination decision to the Board of Immigration Appeals (Board), this Court will provide a memorandum to facilitate review of [Petitioner's] appeal. See Immigration Comi Practice Manual, Chap. 9.3(e)(7).

(ECF No. 9 at 19.)

An IJ abuses their discretion when they fail to explain the reasoning for their findings. *See Hernandez Arechiga v. Bowen*, No. 26-CV-1516, 2026 WL 1500398, at *4 (C.D. Cal. May 26, 2026) (finding abuse of discretion where IJ denied bond based on conclusory findings without explanation and collecting cases finding similarly); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (citing *Yepes–Prado v. INS*, 10 F.3d 1363, 1370 (9th Cir. 1993) ("Immigration judges, although given significant discretion, cannot reach their decisions capriciously and must indicate how they weighed the factors involved and how they arrived at their conclusion.")) (citation modified); *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (citing *Pan v. Gonzales*, 489 F.3d 80, 87 (1st Cir. 2007) (IJs must give "reasoned consideration to the evidence as a whole, [make] supportable findings, and adequately explain [ their] reasoning")).

Without any meaningful explanation of the IJ's reasoning for denying Petitioner bond,

Petitioner has not been provided adequate due process to ensure the deprivation of his liberty is justified. Respondents provide no further explanation or defense of the IJ's ruling. The Court is left to guess why the record purportedly demonstrated that Petitioner was a flight risk. This constitutes an abuse of discretion. *See Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) ("The Court is left to speculate concerning how the immigration judge viewed the evidence in light of the applicable factors. The Court must conclude that the immigration judge failed to do so, which constitutes an abuse of discretion.").

The Court thus finds the risk that Petitioner has been erroneously deprived of his liberty is high, and the government has no legitimate interest in depriving Petitioner of constitutionally sufficient process. *Mathews v. Eldridge*, 424 U.S. 319, 343–48 (1976).

Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Jose Walter H.R. (A# 248-004-458) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner

becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

3. Petitioner's Application to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

4. Petitioner's Motion for TRO is DENIED as moot. (ECF No. 3.)

5. Petitioner's Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

6. **The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: November 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE